# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

| | | |
|---|---|---|
| **BARRY DAVIS,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No. 6:08-CV-0542-RDP** |
| | } | |
| **CITY OF CORDOVA, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

The court has before it Plaintiff Barry Davis' Motion to Remand (Doc. # 3) filed on April 28, 2008.  For the reasons outlined in Plaintiff's motion, and based upon the court's independent examination of its subject matter jurisdiction, this case is due to be remanded.

Plaintiff's complaint, originally filed on February 19, 2008 in the Circuit Court of Walker County, Alabama, alleges various state law theories of negligence and outrage against two defendants, Police Officer Christopher Betts and the City of Cordova.  Only one of those defendants, Betts, participated in the March 28, 2008 filing of a Notice of Removal to this court.  (Doc. # 1).  Betts' sole basis for removal is federal question jurisdiction,[1] although his Notice of Removal admits that this is "a civil action which plaintiff alleges arises under state law."  (Doc. # 1, at 2).  Despite the fact that no federal question appears on the face of the complaint, Betts maintains that "[t]he facts as actually alleged by Plaintiff, regardless of his attempt to categorize them as issues of state law, actually set forth claim(s) arising under federal law, which are enforceable under 42 U.S.C. § 1983."

---

[1] Betts' removal petition does not rely upon diversity jurisdiction as a basis for removal, and for good reason.  Because each of the named Defendants shares the same state citizenship as the Plaintiff - they are all Alabama residents - complete diversity of citizenship under 28 U.S.C. § 1332 is absent.

(Doc. # 1, at 2).

Even if Plaintiff had not filed a motion to remand challenging the court's jurisdiction over this removal, the Eleventh Circuit has made clear that this "court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings . . . . , [and thus] is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *University of South Alabama,* 168 F.3d at 410. Because this case was originally filed in state court and removed to federal court by Betts, Betts bears the burden of proving that federal jurisdiction exists. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The court's independent examination of its jurisdiction, coupled with the Plaintiff's arguments for remand, reveal that this court lacks subject matter jurisdiction over this removal for two independently sufficient reasons. First, as a procedural matter, removing Defendant Betts has failed to comply with 28 U.S.C. §1446(a) because he has not obtained Defendant City of Cordova's consent to the removal. Section 1446 provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). "This provision has been interpreted to require that all defendants join in the removal petition" to be an effective removal in the Eleventh Circuit. *Hernandez v. Seminole County,*

2

*Fla.*, 334 F.3d 1233, 1237 n.3 (11th Cir. 2003) (holding that the "failure to join all defendants in the petition is a defect in the removal procedure"). Such consent to removal is required, even if, as here, the removal is premised on federal question jurisdiction. *See, e.g., GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1352 (S.D. Ala. 2003) (granting motion to remand case due to failure of all defendants to consent to removal based on federal question). In this case, not only has Defendant City of Cordova not consented to the removal, but it "defended this case in the Circuit Court of Walker County, Alabama, prior to Defendant Betts' removal therefrom." (Doc. # 3, at 2 n.1). Therefore, Betts is unable to satisfy the unanimous consent requirement, and this case is due to be remanded due to that procedural flaw *alone*.

Moreover, even if the unanimity requirement did not apply here (which it does) or had been met here (which it has not), this court would still lack subject matter jurisdiction over the removal because Plaintiff's claims do not arise "under the Constitution, laws, or treaties of the United States" to give this court original, federal question jurisdiction under 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. The 'well-pleaded complaint rule' is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).[2] Indeed, if the allegations of the complaint do not demonstrate removal jurisdiction, the action cannot be made removable by statements in the Notice of Removal or in subsequent pleadings by any defendant. *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987); *Lazuka v. Federal Deposit Insurance Corp.*, 931 F.2d 1530 (11th Cir. 1991).

---

[2] Although there are certain exceptions to the well-pleaded complaint rule, *i.e.,* when federal claims preempt state law or where the vindication of a right under state law necessarily turns on some construction of federal law, none of those circumstances are present in this case.

Because a plaintiff is master of his complaint, he may avoid federal jurisdiction by exclusive reliance on state law. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 12 (2003).   That is the case here.  It is undisputed that Plaintiff's complaint states only claims under Alabama state law and does not, on its face, plead any cause of action arising under the laws of the United States that would give this court federal question jurisdiction.

Indeed, Betts' only basis for removal is that Plaintiff's complaint is a "state law facade" covering up his "true claims" for civil rights violations under § 1983.  (Doc. # 1, at 2-3).   This argument cuts no ice at all.  The elements of, and remedies for, the Alabama state law negligence and outrage claims pled in the complaint are entirely distinct from the elements of, and remedies for, a violation of civil rights under § 1983.  Even a cursory review of Plaintiff's state court complaint reveals that Plaintiff intended to plead the former, rather than the latter.

Accordingly, because there is no federal question present in the complaint, this court lacks jurisdiction over the removal.  For this second, independent reason, the case is due to be remanded to the Circuit Court of Walker County, Alabama.  The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this _____14th_____ day of May, 2008.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE